T. N. GODFREY v. GEORGE MABERRY and wife.

*Witness—Evidence—Damages for ponding water.*

1. Where a witness has expressed an admissible opinion, he may state in corroboration that he previously gave the same opinion to another, and especially where it is elicited on cross-examination.

2. In an action to recover damages for ponding water on plaintiff's land by increasing the height of a dam, it is competent to show that by direction of defendant the dam was built so as not to pond the water above the old water marks. And to sustain the action it was also held that plaintiff must show affirmatively that the alleged increased volume of water was occasioned by the increased size of the dam.

CIVIL ACTION for damages tried at Fall Term, 1880, of YADKIN Superior Court, before *McKoy, J.*

Judgment for defendants, appeal by plaintiff.

No counsel for plaintiff.
*Mr. J. M. Clement* for defendant.

SMITH, C. J.   The plaintiff and defendants own adjoining tracts of land on the same stream, both of which formerly belonged to James Wells, and on the lower tract is a mill that has been in use more than fifty years.   In 1850, he raised the dam some two feet above its former level, and in 1867 it was washed away.   The next year one E. C. Rough-ton, the former husband of the feme defendant, (since inter-married with the defendant Maberry) then owning the lower tract, caused the dam to be rebuilt in the same place and of the same dimensions as the old dam, as they allege, but higher and more compact as the plaintiff, the owner of the upper tract, charges in his complaint, and the same has been since kept up and maintained.

The action is to recover damages for the increased vol-ume of water thereby ponded upon the plaintiff's land and obstructing its outflow, and the controversy is as to the al-leged enlargement and greater compactness of the dam as rebuilt in 1868.   Upon the trial of this issue, the finding on which against the plaintiff, dispensing with the necessity of the others in regard to the damages, much conflicting testi-mony was heard.   And two objections made to the admis-sion of certain evidence, and one to the charge of the court, constitute the exceptions apparent on the record submitted for revision.

1. One Joseph Sparks, introduced by the defendants, ex-pressed an opinion that the plaintiff's land could be drained by ditching, with the dam at its present height, and on his cross-examination, being pressed by the plaintiff's counsel for his reasons for this statement, said, that he had express-ed the same opinion to E. C. Roughton, under whom the defendant claimed, and to James Wells, under whom the plaintiff claimed title, both of whom were then dead.   The court was requested and refused to rule out this answer of the witness.

Aside from the fact that the evidence was in response to

a question propounded by the plaintiff's counsel, and the witness was not stopped as soon as its impertinency was discovered, we think the objection is untenable, and that the evidence was relevant and proper as showing the opinion to have been deliberately formed and forcibly impressed upon the mind of the witness, and further as corroborative of his present testimony.

2. One J. H. Potts, a millwright by profession, and who in 1868, reconstructed the dam for Roughton, testified that he was shown the old water marks upon the rocks, and directed to replace the dam so as not to permit the ponding of the water above them, that he endeavored to do the work as directed, and believed he had done so. This evidence was competent to prove the former height of the pond—the water lines which were to guide and did guide the witness in putting up the new embankment, and in repelling the evidence that the dimensions of the old dam had been exceeded by the new, and that any additional water had thereby flooded and injured the plaintiff's land.

3. The court instructed the jury that as the gravamen of the complaint was the larger accumulation of water upon the plaintiff's land and the consequent damaging effect thereon, caused by the erection of a new dam of greater height and more compact than the former, it devolved upon the plaintiff to prove the alleged fact. It seems to have been conceded that no actionable injury resulted from the restoration and maintenance of the defendant's dam as constructed in 1868, unless the flooding of the plaintiff's land was increased thereby beyond the former overflow, and hence to sustain the action, it became necessary to show affimatively the increased size of the rebuilt dam, which produced this effect as a part of the plaintiff's case. The court properly ruled that this burden rested upon him.

It must therefore be declared there is no error and the judgment is affirmed.

No error.                                             Affirmed.